UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

YURII PODLESNOV,

    Plaintiff

v.

CARNIVAL CORPORATION and
CARNIVAL CORPORATION D/B/A
CARNIVAL CRUISE LINE,

    Defendants
_____/

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Yurii Podlesnov ("Plaintiff"), complaining of Defendants Carnival Corporation and Carnival Corporation d/b/a Carnival Cruise Line ("Carnival"), respectfully showing as follows:

**I. PARTIES**

1.1    Plaintiff Yurii Podlesnov is a citizen and resident of Ukraine.

1.2    Defendant Carnival Corporation, is a foreign corporation with its principal place of business in Miami, Florida, doing business for the accumulation of monetary profit, and may be served with process through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.

1.3    Defendant Carnival Corporation d/b/a Carnival Cruise Line, is a foreign corporation with its principal place of business in Miami, Florida, doing business for the accumulation of monetary profit, and may be served with process through its registered agent, NRAI Services, Inc., 1200 South Pine Island Road, Plantation, FL 33324.

## II. JURISDICTION AND VENUE

2.1     The Court has jurisdiction over the lawsuit under 28 U.S.C. §1333(1) because it is a civil case of admiralty or maritime jurisdiction, and arises, in part, under the general maritime law and the Jones Act, 46 U.S.C. §30104.  The case also arises under the laws of the United States, and/or the laws of the vessel's flag state, and involves applicable international ISO standards for safety aboard vessels.

2.2     Venue is proper pursuant to 28 U.S.C. §1391(b) and the admiralty and maritime laws of the United States, including the Jones Act, 46 U.S.C.§ 30104, because Carnival resides in this District, conducts business within this District, and is subject to this Court's personal jurisdiction.  In addition, some of the events that give rise to Plaintiff's claim occurred within this District.

## III. FACTS

3.1     At all material times hereto, Carnival owned, operated and crewed the cruise ship *Carnival Conquest* ("Vessel"), the vessel aboard which Plaintiff was working at the time of his injury of March 1, 2019, which is the basis of this lawsuit.

3.2     The *Carnival Conquest* is a passenger/cruise vessel that is engaged in maritime commerce and operated on the navigable waters of the United States and other countries, as well as the high seas.

3.3     At all material times hereto, Plaintiff was nominally employed by Chesva Marine Contractors, which provides services and personnel to various customers, including cruise ship owners and operators such as Carnival.

3.4     Plaintiff was assigned to work as a Welder aboard the Vessel for an extended period of time.  Plaintiff was assigned exclusively to the Vessel, lived aboard her, and his work contributed

to the Vessel's mission. As such, Plaintiff is a seaman for purposes of the Jones Act, 46 U.S.C. §30104 and general maritime law, and is entitled to receive the legal protections and benefits appertaining to seamen thereunder.

3.5     At all times while Plaintiff was working aboard the Vessel Carnival exercised actual and/or *de facto* control over Plaintiff's work and activities so as to become his borrowing employer. Courts apply the borrowed servant/employee doctrine under the Jones Act whereby an employee may recover from an entity which –although not his technical or nominal employer– nevertheless exercises *de facto* control over his work so as to become his borrowing employer. See *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 177–78 (5th Cir.1981); *Eckert v. United States*, 232 F.Supp.2d 1312, 1317 (S.D. Fla. 2002). "A third person who borrows a worker may become his employer if the borrowing employer assumes enough control over the worker. *Ruiz v. Shell Oil Co.*, 413 F.2d 310 (5th Cir. 1969)." *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980)(Jones Act case).

3.6     On or about March 1, 2019, while performing his duties in or near the workshop area of the Vessel in the course of his employment and under the actual and/or *de facto* control of Carnival, Plaintiff was seriously injured when a stack of steel plates fell onto his legs, causing him to sustain serious and debilitating bodily injuries, including multiple fractures to his leg, considerable pain and suffering, mental anguish, and resulting disability.

3.7     Plaintiff has been unable to work following the accident, and has required continued medical care. As a seaman who was injured while performing seaman's work in the service of a vessel, he is entitled to receive maintenance and cure from his employer, yet he has not fully received all such benefits, thus exacerbating his condition.

## VI.  COUNT 1:  NEGLIGENCE UNDER GENERAL MARITIME LAW

4.1  Plaintiff incorporates the foregoing statement of facts by reference.  Plaintiff's accident of March 1, 2019, was caused in whole or in part by the negligence and/or gross negligence of vessel owner/operator Carnival in the following particulars, among others:

(a) failing to maintain the Vessel, and her appurtenances and/or equipment in a safe and reasonable state of repair, including failing to insure that the pile of steel plates was properly secured or more safely located;

(b) failing to properly supervise and/or direct, and take reasonable precautions for Plaintiff's safety while he was working aboard the Vessel under Carnival's control and/or supervision;

(c) failing to provide Plaintiff with a safe place to work;

(d) failing to warn Plaintiff of known and/or existing hazards aboard the Vessel; and

(e) other acts of negligence and/or omissions to be shown at trial herein.

4.2  Carnival's negligence and/or gross negligence, including in the acts described above, among others, was a proximate cause of Plaintiff's injuries and resultant damages complained of herein.

## V.  COUNT 2:  JONES ACT, 46 U.S.C. §30104

5.1  Plaintiff incorporates the foregoing statement of facts by reference.  At all times while he was working aboard the Vessel, Carnival exercised actual and/or *de facto* control over his work and activities such as to become his borrowing employer for purposes of the Jones Act, 46 U.S.C. §30104, and thus is liable for payment of benefits thereunder. *See Baker*, 656 F.2d at 177–78; *Eckert*, 232 F.Supp.2d at 1317; *Guidry*, 614 F.2d at 452.  The fundamental duty of a Jones Act employer is to provide his qualifying employees with a reasonably safe place to work. *Colburn v. Bunge*

*Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989); *Weeks Marine, Inc. v. Rodriguez*, 2006 WL 2792900, at *2 (S.D. Tex. Sept. 27, 2006). Carnival, as borrowing employer, failed in this duty, among other things.

    5.2    Plaintiff's injuries were suffered in the course of his employment as a seaman and were caused by the negligence and/or gross negligence of Carnival, its officers, agents, and/or employees, as described more fully above in failing to control and/or properly supervise Plaintiff's work aboard the vessel, and/or in failing to provide a safe place in which to work.

### VI.  COUNT 3:   UNSEAWORTHINESS OF THE VESSEL

    6.1    Plaintiff incorporates the foregoing statement of facts by reference and will show that his injuries and disabilities were caused in whole or in part by Carnival's breach of its absolute duty to furnish a seaworthy vessel, including among other things, by failing to insure that the steel plates in or near the workshop were properly secured or more safely located, and/or that the Vessel's crew was properly trained and/or supervised with respect to the ongoing work.

    6.2    The warranty of seaworthiness provides that a vessel owner has an absolute, nondelegable duty to provide a seaworthy vessel. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 550 (1960); *Deakle v. John E. Graham & Sons, Corp.*, 756 F.2d 821, 825 (11th Cir.1985). This duty also encompasses the vessel owner's obligation to ensure that appliances appurtenant to the vessel are seaworthy. *Mitchell,* 362 U.S. at 550. The negligent misuse of safe and sufficient equipment may render a vessel unseaworthy. *Waldron v. Moore-McCormack Lines, Inc.*, 386 U.S. 724, 727 (1967). In addition, by failing to train, instruct, or supervise other employees, an employer can create an unseaworthy condition. *Brown v. Cliff's Drilling Co.*, 638 F.Supp. 1009, 1014 (E.D. Tex. 1986).

5

### VII. COUNT 4: MAINTENANCE AND CURE

7.1     Plaintiff incorporates the foregoing statement of facts by reference.

7.2     As shown, Plaintiff was injured on March 1, 2019, while performing seaman's work in the service of the Vessel, and, as a result, his borrowing employer Carnival is liable for paying his maintenance and cure. *See Hall v. Diamond M. Co.*, 732 F.2d 1246, 1249 (5th Cir.1984); *In re Weeks Marine, Inc.*, 88 F.Supp.3d 593, 596 (M.D. La. 2015).

7.3     As of the present time, Plaintiff has not reached maximum medical improvement or been able to return to work; therefore, Carnival's duties to provide Plaintiff maintenance and cure benefits continue.  Carnival has breached its duty to pay maintenance and cure benefits, in whole or in part, by denying and/or delaying payments of such benefits, and as a result, Plaintiff has suffered further injuries and damages.

7.4     Plaintiff would further show that Carnival's failure to provide maintenance and cure was not only unreasonable, but was arbitrary and capricious, wilful, and/or callous and persistent, and that as a proximate result, Plaintiff's condition has been aggravated and/or exacerbated.  Plaintiff therefore sues not only for unpaid maintenance and cure, but further, to seek compensation for all conditions resulting from the failure to pay maintenance and cure, and is further entitled to an award of attorney's fees as well as punitive damages, for which he now sues in addition to all other maintenance and cure benefits and relief sought. *See Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 424–25 (2009); *Vaughan*, 369 U.S. 527, 530–31 (seaman was entitled to reasonable attorney's fees as damages for failure to pay maintenance and cure where he was forced to hire an attorney to recover maintenance and cure).

## VIII.  DAMAGES

8.1     As a direct and proximate result of the foregoing, Plaintiff has suffered the following injuries and damages, including but not limited to: (a) mental anguish in the past; (b) mental anguish that he is likely to sustain in the future; (c) lost earnings; (d) loss of earning capacity; (e) permanent disfigurement; (f) physical impairment in the past; (g) physical impairment that he is likely to sustain in the future; (h) medical expenses in the past; (i) medical expenses that he is likely to incur in the future; (j) physical pain and suffering in the past; (k) physical pain and suffering that he is likely to sustain in the future; (l) pecuniary and non-pecuniary damages to which he is entitled, including punitive damages; (m) unpaid maintenance and cure benefits; (n) damages flowing from Carnival's failure to pay or timely pay maintenance and cure; and  (o) attorneys' fees and costs of court with respect to his maintenance and cure claim, and (p) other damages to which Plaintiff is entitled under applicable law.

## IX.  JURY DEMAND

9.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages in an amount exceeding the jurisdictional limits of this Court; pre- and post-judgment interest; punitive damages, and attorney's fees, costs of suit and all other relief to which he may be entitled.

*Signature follows–*

Dated June 20, 2019                                Respectfully submitted,


                                                   By: */s/ Marcus R. Spagnoletti*
                                                   Marcus R. Spagnoletti
                                                   Florida Bar No. 0085430
                                                   Email: mspagnoletti@spaglaw.com
                                                   **SPAGNOLETTI LAW FIRM**
                                                   401 Louisiana Street, 8th Floor
                                                   Houston, Texas 77002
                                                   Telephone: (713) 653-5600
                                                   Facsimile:  (713) 653-5656

                                                   **ATTORNEY FOR PLAINTIFF**